UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST ADIMORA-NWEKE, et al., | Case No.  26-cv-01376-JSC |
| Plaintiffs, | |
| v. | **ORDER TRANSFERRING CASE** |
| | Re: Dkt. Nos. 22, 33 |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

United States District Court
Northern District of California

Plaintiffs are an attorney licensed in Texas, Mr. Adimora-Nweke, and his Texas-based law firm who are proceeding without attorney representation and, on behalf of themselves and putative classes, bring claims alleging racial discrimination, unfair or deceptive business practices, and negligence.  (Dkt. No. 1.)[1]  Pending before the Court is Defendant's motion to dismiss or, alternatively, transfer the case to the Southern District of Texas under 28 U.S.C. § 1404.  (Dkt. No. 22.)  Plaintiffs initially opposed transfer (Dkt. No. 24 at 20-21), then subsequently filed an "Emergency … Motion For Transfer Venue" under 28 U.S.C. § 1404 in which Plaintiffs "consent[] to the transfer of this action" to the Southern District of Texas.  (Dkt. No. 33 at 1-2.)  Given the parties' agreement, and the 28 U.S.C. § 1404(a) factors strongly favor transfer, the Court GRANTS Defendant's motion to transfer venue and transfers the case to the Southern District of Texas pursuant to 28 U.S.C. § 1404.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Here, "all

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

parties have consented to" transfer the case to the Southern District of Texas, where the case could have been brought.  *Id.*; (Dkt. No. 24 at 20-21; Dkt. No. 33 at 1-2.)  To determine whether transfer aids "the convenience of parties and witnesses" and "the interest of justice," 28 U.S.C. § 1404(a),

> courts may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

Here, the § 1404(a) factors overwhelmingly favor transfer to the Southern District of Texas.  None of the relevant conduct took place in California.  (*See generally* Dkt. No. 1.)  Rather, Plaintiffs are residents of Texas and allege their dealings with Wells Fargo took place over the phone and the Internet, as opposed to any in-person conduct in California.  (*Id.* at 1-7.)  While Plaintiffs' choice of forum was in California, Plaintiffs now no longer want to litigate in California (Dkt. No. 33 at 1-2) and Plaintiffs' initial choice of forum may have been motivated by a Fifth Circuit sanction preventing Plaintiffs from filing suit in the Southern District of Texas.  *See Adimora-Nweke v. McGraw*, 2024 WL 2874561, at *4 (5th Cir. June 7, 2024), *cert. denied sub nom. Adimora-Nweke v. Mc-Craw*, 145 S. Ct. 1074 (2025) ("[W]e hereby impose a monetary sanction of $1,000 on Adimora-Nweke, and he is barred from filing any pleadings in this court or any court in Texas subject to this court's jurisdiction until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such pleadings. This is consistent with our practice towards vexatious *pro se* litigants who have been previously warned and sanctioned.")  The remaining factors–contacts, differences in litigation costs, availability of compulsory process, and sources of proof–are neutral as to whether the lawsuit should proceed in California or Texas.  So, given the parties' agreement, and the § 1404(a) factors favor transfer to the Southern District of Texas, the Court GRANTS Defendant's motion to transfer venue and transfers the case to the Southern District of Texas pursuant to 28 U.S.C. § 1404.

The Court will not resolve Defendant's motion to dismiss or other pending motions.  (Dkt.

Nos. 22, 23, 27, 39.) A district court has "broad discretion" in deciding motions to transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see Jones*, 211 F.3d at 496–99 (affirming a district court's denial of transfer where the ruling below addressed a "a motion to either dismiss or transfer venue"). Defendant urges the Court should resolve arguments in its motion to dismiss, emphasizing "Adimora appears to have only chosen to file in this District because he is barred from bringing any cases in Texas without preapproval." (Dkt. No. 22 at 21); *see Adimora-Nweke v. McGraw*, 2024 WL 2874561, at *4. In light of the Fifth Circuit's sanction, it would be inappropriate for this Court to resolve the arguments in Defendant's motion to dismiss. To the extent the Southern District of Texas would not have permitted Plaintiffs to file this lawsuit, then resolving the motion would not serve judicial economy and would arguably reward Plaintiffs' forum shopping. In any event, in light of the Fifth Circuit's sanction, it is best for the Southern District of Texas to decide how to proceed. The record does not reflect whether Mr. Adimora-Nweke has paid the sanction, and the Court is unfamiliar with Mr. Adimora-Nweke's prior suits. The Court is also unfamiliar with the Southern District of Texas' rules regarding how Mr. Adimora-Nweke would obtain leave to file suits, or whether his conduct here–filing this suit in this District then requesting a transfer–warrants another disciplinary sanction.

### CONCLUSION

For the above reasons, this action is TRANSFERRED to the Southern District of Texas. The Clerk is directed to transfer this action to the United States District Court for the Southern District of Texas.

This Order disposes of Docket Nos. 22, 23, 27, 33, 39.

**IT IS SO ORDERED.**

Dated: May 21, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

3